

**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: April 30, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

**ROBERT WAYNE SIMS,**                                                **CASE NO. 26-00138-JAW**

**DEBTOR.**                                                                                      **CHAPTER 7**

### ORDER DENYING MOTION FOR COMFORT
### ORDER AS TO CONDOMINIUM WITHOUT PREJUDICE

This matter came before the Court for hearing on April 14 and 28, 2026 (the "Hearing")
on Citizens Bank's Expedited Motion for Comfort Order Granting Relief from Automatic Stay
Concerning LLC Owned Condominium and Abandoning Any Interest of Estate (the "Motion")
(Sims Dkt. #34)[1] filed by Citizens Bank of Philadelphia ("Citizens Bank") and the Response to
Citizen Bank's Expedited Motion to Comfort Order Granting Relief from Automatic Stay Con-
cerning LLC Owned Condominium and Abandoning Any Interest of Estate ("Trustee's Re-
sponse") (Sims Dkt. #50) filed by Stephen Smith, the chapter 7 trustee (the "Trustee")[2] in the
above-referenced bankruptcy case (the "Bankruptcy Case"). At the Hearing, Sarah Beth Wilson
represented Citizens Bank, Eileen N. Shaffer appeared on behalf of the Trustee, who was present,

---

[1] Citations to the record are as follows: citations to docket entries in the above-referenced bankruptcy case filed by
Robert Wayne Sims are cited as "(Sims Dkt. #);" citations to docket entries in the bankruptcy case of his company,
Key Therapeutics LLC, Case No. 26-00106-JAW, are cited as "(Key Dkt. #);" and citations to docket entries in the
bankruptcy case of his company, S-7 Properties LLC, Case No. 26-01029-JAW, are cited as "(S-7 Dkt. #)."
[2] Stephen Smith is also the chapter 7 trustee for Key Therapeutics LLC and S-7 Properties, LLC.

and Craig M. Geno ("Geno") appeared on behalf of S-7 Properties, LLC[3] ("S-7 Properties").

## JURISDICTION

The Court has jurisdiction over the parties to and subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O). Notice of the Hearing was proper under the circumstances.

## FACTS[4]

**Sims & His Businesses, Key Therapeutics & S-7 Properties**

Sims is a Mississippi businessman. (Sims Dkt. #1 at 2). He is the president and managing member of Key Therapeutics LLC ("Key Therapeutics"), a Mississippi limited liability company, and holds 100% of the ownership interest. (Key Dkt. #11 at 27, 36-37). Key Therapeutics is "a licensed pharmacy/manufacturer." (Key Dkt. #10 at 1). Sims also owns 100% of S-7 Properties, an Alabama limited liability company. (Sims Dkt. #20 at 6). S-7 Properties' main, if not only, asset is a beachfront condominium (the "Condo") located at 365 E Beach Boulevard, Unit 804 in Gulf Shores, Alabama. (Sims Dkt. #20 at 9). The Condo is the subject of the Motion. According to the Trustee's Response, Sims and his non-debtor wife purchased the Condo for $600,000, in cash, on September 10, 2020 and on May 19, 2021, transferred it to S-7 Properties. (Sims Dkt. #50).

**Loan History Between Key Therapeutics & Citizens Bank**

The Trustee states that Key Therapeutics signed a promissory note in favor of Citizens

---

[3] The Trustee, who is not an attorney, filed an Application of Trustee to Employ Attorneys for Special Purpose (Sims Dkt. #51) seeking Court approval to retain and appoint Geno to represent him in filing a bankruptcy case on behalf of S-7 Properties, which the Court granted (Sims Dkt. #52). Thereafter, Citizens Bank objected to the Trustee's employment of Geno. (Sims Dkt. #67). Its objection and the order were heard on April 20, 2026 and will be addressed in a separate order. In the S-7 Properties bankruptcy case, Geno filed the Application to Employ Attorneys, and Disclosure of Compensation on April 24, 2026, for which the Court set a 21-day deadline to object. (S-7 Dkt. #23-24).

[4] The following findings of fact and conclusions of law are made pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. To the extent that any of the findings of fact herein are considered conclusions of law, they are adopted as such, and vice versa. This Order makes no findings of fact or conclusions of law regarding Citizens Bank's loans and/or mortgages.

Bank for $2,531,824.25 on March 15, 2024. (Sims Dkt. #50 at 2; Cl. #2-1 at 10). According to Citizens Bank, on March 15, 2024, S-7 Properties "granted a future advance mortgage in favor of Citizens Bank [limited to] $820,000" on the Condo to secure repayment of the loan (the "Future Advance Mortgage") (Sims Dkt. #34 at 2). The Trustee says that on March 20, 2024, "[a] Scrivener's Affidavit was prepared by Phelps Dunbar to cure the defect in the [w]arranty [d]eed transferring ownership from Sims and his wife to S-7 Properties." (Sims Dkt. #50 at 2; Hr'g at 3:18 (Apr. 14, 2026)). The Future Advance Mortgage was not recorded by Citizens Bank until April 26, 2024. (Sims Dkt. #34 at 2, #34-1, Ex. A, #50 at 2; Hr'g at 3:18 (Apr. 14, 2026)). As additional security, S-7 Properties granted Citizens Bank an assignment of rents generated from the Condo, and Sims signed a personal guaranty. (Sims Dkt. #34-3 Ex. C at 2, #50 at 3).

Citizens Bank represents that S-7 Properties granted it another mortgage on the same Condo on June 6, 2025. (Sims Dkt. #34 at 2; Cl. #2 at 17). The Trustee asserts that a renewal promissory note was executed by Key Therapeutics for $2,500,000, and on July 11, 2025, "Citizens Bank recorded another mortgage against the Condo." (Sims Dkt. #34 at 2). Citizens Bank admits that the "mortgages were granted based on the debt owed by Key Therapeutics" which is guaranteed by Sims but not S-7 Properties. (Sims Dkt. #34 at 2).

**Bankruptcy Filings by Key Therapeutics & Sims**

On January 15, 2026, Key Therapeutics, acting through Sims, filed a chapter 7 petition for relief under the Bankruptcy Code. (Key Dkt. #1). Sims filed an individual chapter 7 petition on January 21, 2026. (Sims Dkt. #1). By operation of law, an automatic stay arose under 11 U.S.C. § 362[5] as to all assets of each bankruptcy estate. In his schedules and statement, Sims listed his ownership interests in Key Therapeutics and S-7 Properties as assets of his estate (Sims Dkt. #20

---

[5] From this point forward, all statutory references are to the Bankruptcy Code found at title 11 of the U.S. Code.

at 6) and identified the Condo as business-related property (Sims Dkt. #20 at 9). He also listed S-7 Properties as a co-debtor on a debt owed to Citizens Bank. (Sims Dkt. #20 at 17-18).

**Motion for Comfort Order**

On April 1, 2026, Citizens Bank filed the Motion "in an abundance of caution" seeking "relief from the automatic stay to the extent necessary…to allow Citizens [Bank] to proceed with exercise and enforcement of its rights pursuant to applicable state law with respect to" the Condo.[6] (Sims Dkt. #34). Citizens Bank asserts a perfected first position lien on the Condo "owned entirely and for all purposes by S-7 [Propedies]" and requests a "comfort order" or – in the alternative, relief from the automatic stay – allowing it to pursue its remedies against the Condo. (Sims Dkt. #34 at 6).

Citizens Bank contends that the automatic stay does not apply to the Condo because it is not property of Sims' bankruptcy estate, and its owner, S-7 Properties, is not a debtor in bankruptcy. Citizens Bank states that even though Sims is its only member-owner, S-7 Properties is a limited liability company and is thus a separate legal entity from Sims under Alabama law. (Sims Dkt. #34 at 4).

On April 10, 2026, the Trustee filed the Trustee's Response opposing the Motion, asserting "there is no basis for the automatic stay to be lifted at this time, nor for the property to be abandoned from the bankruptcy estate until further documentation is provided to the Trustee." (Sims Dkt. #50 at 3). The Trustee represented that he was "in the process of filing a bankruptcy proceeding for S-7 Properties." (Sims Dkt. #50 at 3). He included a timeline of the ownership of the Condo and of Citizens Bank's financial dealings with Sims, S-7 Properties, and Key Therapeutics. (Sims

---

[6] Citizens Bank also filed a Motion to Expedite Hearing on Motion for Comfort Order Granting Relief from Automatic Stay Concerning LLC Owned Condominium and Abandoning Any Interest of Estate (Sims Dkt. #36) which the Court granted (Sims Dkt. #41).

Dkt. #50 at 1-2).

The Trustee suggested "that the Condo may be subject to an avoidance action," given that S-7 Properties "did not execute a guaranty on the indebtedness on behalf of [Key Therapeutics], and there has been no showing that [S-7 Properties] received any consideration from Citizens Bank" for either mortgage. (Sims Dkt. #50 at 2-3).

**S-7 Properties' Bankruptcy Filing & the First Hearing (April 14, 2026)**

The Hearing on the Motion was held on April 14, 2026 (the "First Hearing") (Sims Dkt. #42). That morning, S-7 Properties, acting through the Trustee, filed a chapter 7 petition for relief. (S-7 Dkt. #1). Nonetheless, Citizens Bank reiterated its desire that the Court enter a comfort order stating that the automatic stay in effect in the Sims Bankruptcy Case did not extend to the Condo. (Hr'g at 3:03 (Apr. 14, 2026)).

The Trustee's counsel represented that he "notified [Citizens Bank] that it was his intention to file a bankruptcy proceeding for [S-7 Properties] if it came down to a foreclosure" and that he believed Citizens Bank's lien against the Condo may be avoidable. (Hr'g at 3:06 (Apr. 14, 2026)).

Notwithstanding his intent to file a separate bankruptcy for S-7 Properties, the Trustee asserted that "the stay [in the Sims case] did protect the [Condo] due to the membership interest of [Sims]" as the "sole member of" S-7 Properties. (Hr'g at 3:06 (Apr. 14, 2026)). The Trustee represented that he had numerous issues with Sims pledging the Condo as collateral on a loan to Key Therapeutics. (Hr'g at 3:07 (Apr. 14, 2026)). The Trustee admitted that the automatic stay would not extend to the "dirt" by virtue of the membership interest but argued that upon a successful avoidance action against Citizens Bank, any surplus money recovered by S-7 Properties from the sale of the Condo "flow back up to the Sims" estate for the benefit of his creditors. (Hr'g at 3:08 (Apr. 14, 2026)). As grounds for an avoidance action, the Trustee also asserted that S-7 Properties

received none of the loan proceeds or any other consideration in exchange for the mortgage on the Condo. (Hr'g at 3:19 (Apr. 14, 2026)).

When the Court inquired why the Comfort Order was necessary in light of S-7 Properties' bankruptcy filing, Citizens Bank stated, "the reason we were seeking forward with the [Comfort Order] in this case is because we now have to deal with the S-7 case." (Hr'g at 3:30 (Apr. 14, 2026)). Yet Citizens Bank admitted that the automatic stay in S-7 Properties' bankruptcy case "would naturally govern the ability of Citizens [Bank] to proceed with exercise of its state-based rights with respect to the [Condo]." (Hr'g at 3:02 (Apr. 14, 2026)). The Court continued the Hearing to April 28, 2026 (the "Second Hearing").

**The Second Hearing (April 28, 2026)**

Citizens Bank concedes that the Condo is titled in S-7 Properties' name, that S-7 Properties is a legal entity under Alabama law, and that the automatic stay of the S-7 Properties case "absolutely" applies to the Condo. (Hr'g at 1:12, 1:17 (Apr. 28, 2026)). When specifically questioned as to the purpose of a comfort order, Citizens Bank answered that it needed this immediate relief should the Court *ever* grant it stay relief in the S-7 Properties case. (Hr'g at 1:05 (Apr. 28, 2026)). At the end of the Second Hearing, the Trustee again emphasized that S-7 Properties did not execute a note or guarantee in favor of Citizens Bank. (Hr'g at 1:18 (Apr. 28, 2026)).

After the Hearing, Citizens Bank filed its Expedited Motion for Relief from Stay Concerning Condominium and Abandoning Any Interest of the Estate in the S-7 Properties case. (S-7 Dkt. #26). S-7 Properties promptly filed its Response to Citizens Bank's Expedited Motion for Relief from Stay Concerning Condominium and Abandoning Any Interest of the Estate on April 29, 2026. (S-7 Dkt. # 32).  This recent filing in the S-7 Properties case has been set for hearing on May 27, 2026 at 10:00 a.m. (S-7 Dkt. #33).

**DISCUSSION**

This Order adjudicates the Motion without any findings of fact or conclusions of law regarding the Citizens Bank's loans and/or mortgages. In support of its Motion, Citizens Bank argued that the automatic stay never went into effect as to the Condo for two reasons: (1) the Condo is not property of Sims' bankruptcy estate; and (2) S-7 Properties had not filed bankruptcy and is not a debtor. (Sims Dkt. #34 at 3). Since then, S-7 Properties filed a chapter 7 petition for relief. (S-7 Dkt. #1). Because of that dispositive change in circumstances, a comfort order entered in the Sims' Bankruptcy Case would serve no purpose.

"A 'comfort order' is a bankruptcy term of art" for an order confirming either "that the automatic stay has been terminated or else never came into existence with regard to some element of [the] bankruptcy case." *In re Ross*, Case No. 18-11356, 2019 WL 480269, at *2-3 (Bankr. N.D. Miss. Feb. 6, 2019) (citing *In re Hill*, 364 B.R. 826, 827 n.1 (Bankr. M.D. Fla. 2007)); 11 U.S.C. § 105.

In *Ross*, the bankruptcy court discussed the distinction between a request for a finding that the automatic stay has been terminated under § 362(c) and such a finding under some other provision of the Code. 2019 WL 480269, at *3; *Hill*, 364 B.R. at 829. Only motions for comfort orders challenging the applicability of the stay under the auspices of § 362(c) are mandatory.[7] *See* 11 U.S.C. § 362(j) ("On request of a party in interest, the court *shall* issue an order under [§ 362(c)] that the automatic stay has been terminated.") (emphasis added). Section 362(c) lists certain events that terminate the stay.[8] For other circumstances, the power to issue a comfort order is based on

---

[7] Some bankruptcy courts have held that comfort orders are only authorized where the termination of the stay is grounded on § 362(c). See *In re Dienberg*, 348 B.R. 482, 484 (Bankr. N.D. Ind. 2006).

[8] A creditor may obtain a determination that the stay has been terminated under § 362(c)(1) because the property of the estate is no longer property of the estate; under § 362(c)(2) because the case is closed, dismissed, or a discharge has been granted or denied; under § 362(c)(3) because the 30-day temporary stay in a serial filer's case has expired and has not been extended; and under § 362(c)(4) because the stay in a serial filer's case never went into effect and has not been reimposed.

§ 105, which supplies bankruptcy courts with the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). In those situations, courts exercise broad discretion in determining whether to enter a comfort order. *Hill*, 364 B.R. at 828.

At the Second Hearing, Citizens Bank claimed that the automatic stay does not reach the Condo in the Sims Bankruptcy Case because the Condo is not property of his estate under § 541 but is owned by S-7 Properties. (Hr'g at 1:13 (Apr. 28, 2026)). Citizens Bank then announced its intention to seek relief from the automatic stay in the S-7 Properties case. (Hr'g at 1:16 (Apr. 28, 2026)). In response, the Trustee argued that Citizens Bank was "putting the cart before the horse" by requesting a comfort order in the Sims Bankruptcy Case. (Hr'g at 1:06 (Apr. 28, 2026)). The Court agrees.

Notwithstanding the need to lift the stay in the S-7 Properties Case, Citizens Bank preemptively asserts that *In re Ashley Selman Farms Partnership* is not applicable to these facts. Case No. 25-10118, 2026 WL 467343 (Bankr. N.D. Miss Feb. 18, 2026); (Hr'g at 3:15 (Apr. 14, 2026); (Hr'g at 1:15 (Apr. 28, 2026)). There, the bankruptcy court explained that "the Fifth Circuit has repeatedly held that contingent, speculative, conditional, or equitable interests fall within this broad definition" of property of the estate. 2026 WL 467343, at *3. It clarified that a debtor's full ownership is not required to bring property into the estate but that § 541 only requires "that the debtor holds some legal or equitable interest at the commencement of the case," which includes causes of action. 2026 WL 467343, at *3, *6. Citizens Bank also cites the Court to several other cases outside the Fifth Circuit to support its position that only the membership interest is property of the Sims bankruptcy estate. (Hr'g at 1:19-1:22 (Apr. 28, 2026)).

According to Sims' petition, he and his non-debtor wife live in Madison, Mississippi; the

Condo is not his residence. In his schedules and statements, he lists the Condo as a "business related property." (Sims Dkt. #20 at 4).[9]

As explained at the First Hearing, the Trustee – now standing in the place of Sims – asserts an interest in the Condo because of a potential avoidance action which, if successful, could unwind the transfer. If so, the Trustee believes that the S-7 Properties case would be a surplus case and funds from the sale of the Condo (valued by Citizens Bank at $770,000) would flow up to the Sims Bankruptcy Case by virtue of the membership interest. (Hr'g at 3:08-3:09 (Apr. 14, 2026)). "Avoidance actions belong to the estate, and the trustee has exclusive standing to assert such claims," *In re Sylvester*, Case No. 19-11716, 2020 WL 1140890, at *3 n. 13 (E.D. La. Mar. 9, 2020). The Bankruptcy Code imposes on a bankruptcy trustee a duty on behalf of creditors of the bankruptcy estate to "collect and reduce to money the property of the estate… as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). As explained below, it is premature for the Court to delve into these legal and factual matters while the automatic stay remains in effect in the S-7 Properties case.

**The Request for a Comfort Order Is Denied as Moot**

Comfort orders are appropriate when there are no fact issues and a court can readily confirm from the docket whether relief should be granted. The purpose of a comfort order is to protect creditors from violating the stay. The current posture of this case and the S-7 Properties case requires that the automatic stay be lifted in the S-7 Properties case before the necessity arises to determine if the stay applies in this case. Stated another way, Citizens cannot use a comfort order in this case to execute against the Condo without obtaining relief from the automatic stay in the S-

---

[9] *See In re Taylor*, Case No. 25-34536, 2026 WL 795489 (Bankr. S.D. Tex. March 20, 2026) (holding that the automatic stay did not apply to real property owned by a limited liability company of which the debtor was the owner and a member).

7 Properties case.

Since the filing of the Motion, S-7 Properties has filed bankruptcy. Regardless as to whether the stay protects the Condo in Sims' Bankruptcy Case, the parties do not dispute that the automatic stay in S-7 Properties' does. (Hr'g at 1:17 (Apr. 28, 2026)). As a result, Citizens Bank cannot proceed against the Condo without first obtaining relief from the stay in S-7 Properties' bankruptcy case. The sole stated purpose for filing the instant Motion was so that Citizens Bank could execute its state court remedies against the Condo. That purpose is now thwarted by the filing of the S-7 Properties bankruptcy, rendering the Motion filed in the Sims Bankruptcy Case moot. There is simply no utility in determining whether the stay applies in this Bankruptcy Case when the stay in the S-7 Properties' case clearly applies. This Court will not issue a comfort order under these facts and circumstances. For these reasons, the Court finds that the Motion should be denied as moot without prejudice.

IT IS, THEREFORE, ORDERED that the Motion is denied as moot without prejudice.

**##END OF ORDER##**