United States Bankruptcy Court
Southern District of Mississippi

In re:                                                                                  Case No. 26-00138-JAW

Robert Wayne Sims                                                         Chapter 7
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-3                          User: mssbad                                   Page 1 of 2

Date Rcvd: May 01, 2026                  Form ID: pdf012                          Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol          Definition**

+                    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 03, 2026:**

**Recip ID                    Recipient Name and Address**
db                    +  Robert Wayne Sims, 203 Winter Teal Ct, Madison, MS 39110-9652

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2026                      Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 1, 2026 at the address(es) listed below:**

**Name                          Email Address**

Andrew Roberts Norwood
                      on behalf of Creditor Citizens Bank of Philadelphia drew.norwood@phelps.com  shannon.king@phelps.com

Anna Claire Henderson
                      on behalf of Creditor PriorityOne Bank annaclaire@derekhendersonlaw.com

Anna Claire Henderson
                      on behalf of Creditor North Point Rx  LLC annaclaire@derekhendersonlaw.com

Craig M. Geno
                      cmgeno@cmgenolaw.com  kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Derek A Henderson
                      on behalf of Plaintiff North Point Rx  LLC derek@derekhendersonlaw.com, melissa@derekhendersonlaw.com

Derek A Henderson
                      on behalf of Creditor North Point Rx  LLC derek@derekhendersonlaw.com, melissa@derekhendersonlaw.com

District/off: 0538-3                           User: mssbad                                Page 2 of 2
Date Rcvd: May 01, 2026                        Form ID: pdf012                          Total Noticed: 1

Eileen N. Shaffer
                        on behalf of Trustee Stephen Smith eshaffer@eshaffer-law.com

Kristina M. Johnson
                        on behalf of Creditor Jeffrey Thompson  Liquidating Trustee for Legacy-Xspire Holdings, LLC, Wraser, LLC and Xspire Pharma,
                        LLC kjohnson@joneswalker.com, kbrabston@joneswalker.com;kristi-johnson-0038@ecf.pacerpro.com

Sarah Beth Wilson
                        on behalf of Creditor Citizens Bank of Philadelphia sarah.beth.wilson@phelps.com
                        1069885420@filings.docketbird.com;page.bridges@phelps.com;Danielle.Mashburn-Myrick@phelps.com,1069885420@filings.d
                        ocketbird.com

Stephen Smith
                        trustee@hrkcpa.com  MS02@ecfcbis.com

Thomas Carl Rollins, Jr
                        on behalf of Debtor Robert Wayne Sims trollins@therollinsfirm.com
                        jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;brea
                        nne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee
                        USTPRegion05.JA.ECF@usdoj.gov


TOTAL: 12

---



**SO ORDERED,**



**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: May 1, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

ROBERT WAYNE SIMS,                              CASE NO. 26-00138-JAW

DEBTOR.                                          CHAPTER 7

**ORDER ON APPLICATION OF TRUSTEE TO**
**EMPLOY ATTORNEYS FOR SPECIAL PURPOSE**

There came before the Court for hearing on April 20, 2026 (the "Hearing"), the Order

Approving Application of Trustee to Employ Attorney for Special Purpose (the "Retention Order")

(Sims Dkt. #52)[1] entered by the Court on April 14, 2026; the Application of Trustee to Employ

Attorney for Special Purpose (the "Application") (Sims Dkt. #51), filed by Stephen Smith, the

chapter 7 trustee (the "Trustee") of the estate of the debtor, Robert Wayne Sims ("Sims"); North

Point Rx, LLC's Response to Application of Trustee to Employ Attorneys for Special Purpose and

Order (the "North Point Response") (Dkt. #66) filed by North Point Rx, LLC ("North Point"); the

Objection of Citizens Bank to Application to Employ (the "Objection") (Sims Dkt. #67) filed by

Citizens Bank of Philadelphia ("Citizens Bank"); and exhibits consisting of 108 pages of loan

---

[1] Citations to the record are as follows: citations to docket entries in the above-referenced bankruptcy case filed by Robert Wayne Sims are cited as "(Sims Dkt. #)"; citations to docket entries in the bankruptcy case of his company, Key Therapeutics LLC, Case No. 26-00106-JAW, are cited as "(Key Dkt. #)"; and citations to docket entries in the bankruptcy case of his company, S-7 Properties LLC, Case No. 26-01029-JAW, are cited as "(S-7 Dkt. #)".

documents (Sims Dkt. #68) submitted by Citizens Bank in support of the Objection in the above-referenced bankruptcy case (the "Sims Case"). At the Hearing, Eileen Shaffer represented the Trustee who was also present; Derek Henderson represented North Point; Sarah Beth Wilson represented Citizens Bank; Craig Geno represented himself; and Abigail M. Marbury represented David W. Asbach, the acting United States Trustee for Region 5.

## Jurisdiction

The Court has jurisdiction over the parties to, and the subject matter of, the Sims Case pursuant to 28 U.S.C. § 1334. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Notice of the Application was proper under the circumstances.

## Facts[2]

Sims and his non-debtor wife live in Madison, Mississippi. (Sims Dkt. #1 at 2). In 2020, they paid $600,000 in cash to purchase a beachfront condominium (the "Condo") in Gulf Shores, Alabama. (Sims Dkt. #20 at 9). A year later, they transferred the Condo to S-7 Properties, LLC ("S-7 Properties"), an Alabama limited liability company owned by Sims.

Sims also owns Key Therapeutics, LLC ("Key Therapeutics"), a "prescription drug manu-facturing" company. (Sims Dkt. #20 at 31). On July 8, 2022, Key Therapeutics entered into a Commercialization Agreement (the "Agreement") with North Point. (Sims Dkt. #62 at 2). Under the Agreement, North Point granted a license to Key Therapeutics to sell pharmaceutical products, and the parties established a dedicated account at Regions Bank for deposits of all sale proceeds. (Sims Dkt. #62 at 2). Less than a year later, Key Therapeutics withdrew all of the money from the Regions Bank account ($2,339,602.88), deposited the funds into an account at Citizens Bank, and terminated the Agreement. (Sims Dkt. #62 at 3, 7). According to North Point, Key Therapeutics'

---

[2] The Court makes no findings of fact or conclusions of law regarding North Point's or Citizens Bank's transactions mentioned here.

actions breached the wind-down requirements in the Agreement.[3] (Sims Dkt. #62 at 3-4).

The dispute went to mediation, and the mediator ruled in favor of North Point. (Sims Dkt. #62 at 6-7). On May 19, 2025, the district court issued a final judgment in *North Point Rx LLC v. Key Therapeutics, LLC,* Case No. 3:25-CV-20-KHJ, Dkt. #28, confirming the arbitration award totaling $2,839,602.88 against Key Therapeutics.

In early 2024, Key Therapeutics agreed to purchase substantially all of the pharmaceutical assets of Legacy-Xspire Holdings, LLC for $4 million in a bankruptcy sale.[4] (Sims Dkt. #62 at 7). The assets were marketed for sale pursuant to a liquidating plan approved by the Bankruptcy Court for the Middle District of Florida (Case No. 8:23-bk-04251).[5]

To finance the purchase, Key Therapeutics signed a promissory note in favor of Citizens Bank for $2,531,824.25 on March 15, 2024. (Cl. #2-1 at 10; Sims Dkt. #62 at 8). That same day, S-7 Properties "granted a future advance mortgage in favor of Citizens Bank for an amount not to exceed $820,000" on the Condo (the "Future Advance Mortgage") (Sims Dkt. #68). On March 20, 2024 "[a] Scrivener's Affidavit was prepared by [a law firm] to cure the defect in the Warranty Deed transferring ownership from Sims and his wife to S-7 Properties." (Sims Dkt. #50 at 2; Hr'g at 3:18 (Apr. 14, 2026)). Citizens Bank did not record the Future Advance Mortgage until April 26, 2024. (Sims Dkt. #34 at 2, #50 at 2, #68). As additional security for repayment of the loan, S-7 Properties granted Citizens Bank an assignment of rents generated from the Condo, and Sims signed a personal guaranty. (Sims Dkt. #68).

---

[3] According to Key Therapeutics' bankruptcy schedules, the balance in the Citizens Bank account was only $136,765.78 as of the petition date (January 15, 2026). (Key Dkt. #11 at 3).

[4] In general, the assets consisted of contracts with manufacturers, pharmaceutical sellers and resellers, and related vendors, intellectual property, inventory, machinery, accounts receivables, good will, customer lists, and books and records. (Case No. 8:23-bk-04251, Dkt. #215).

[5] Legacy-Xspire Holdings, LLC was the parent company of WraSer, LLC and Xspire Pharma, LLC. All three pharmaceutical companies filed chapter 11 petitions in the Bankruptcy Court for the Middle District of Florida: *In re Legacy-Xspire Holdings, Inc.* Case No. 23-04251; *In re WraSer*, Case No. 23-04253; *In re Xspire Pharma*, Case No. 23-04254.

On March 20, 2024 Sims signed the closing statement for the purchase of the assets from Legacy-Xspire Holdings, LLC. (Sims Dkt. #62 at 10, Ex. O). The proceeds from the Citizens Bank loan were disbursed to the creditors of Legacy-Xspire Holdings, LLC, and Key Therapeutics signed a promissory note ($1.3 million) for the balance of the purchase price. (Sims Dkt. #62 at 10).

On June 6, 2025, S-7 Properties granted Citizens Bank another mortgage on the same Condo (Cl. #2 at 17), and Key Therapeutics signed a renewal promissory note for $2,500,000. Citizens Bank recorded that mortgage on July 11, 2025. (Sims Dkt. #34 at 2). There is no dispute that the mortgages on the Condo were granted to secure the debt owed by Key Therapeutics. (Sims Dkt. #34 at 2, Dkt. #68).

According to the Trustee, there is no evidence that S-7 Properties owed any debt to Key Therapeutics or Citizens Bank, guaranteed the debt owed to Citizens Bank by Key Therapeutics, or received any of the loan proceeds. (Hr'g at 12:08, 12:14 (Apr. 20, 2026)).

On January 15, 2026, Key Therapeutics, acting through Sims, filed a chapter 7 petition for relief under the Bankruptcy Code. (Key Dkt. #1). Sims filed an individual chapter 7 petition on January 21, 2026. (Sims Dkt. #1). The Trustee was appointed in both the Sims Case and Key Therapeutic's bankruptcy case (the "Key Therapeutics Case"), and the Court approved, without objection, his applications to retain Eileen Shaffer as his general bankruptcy counsel in both cases. (Sims Dkt. #15-16; Key Dkt. #17, #19).

In his schedules and statement in the Sims Case, Sims lists his ownership interests in Key Therapeutics and S-7 Properties as assets of his bankruptcy estate (Sims Dkt. #20 at 6) and identifies the Condo as "business related property." (Sims Dkt. #20 at 9). He also lists S-7 Properties as a co-debtor on a $2.5 million debt owed to Citizens Bank. (Sims Dkt. #20 at 17-18).

In the Key Therapeutic Case, Citizens Bank and North Point are the largest creditors. Citizens Bank filed a proof of claim for $1,908,021.58 (Cl. #2-1); and North Point filed a proof of claim for $5,649,641.86 (Cl. #3-3).

On April 1, 2026, Citizens Bank filed Citizens Bank's Expedited Motion for Comfort Order Granting Relief from the Automatic Stay Concerning LLC Owned Condominium and Abandoning any Interest of Estate (the "Motion for Comfort Order") (Sims Dkt. #34). Citizens Bank argued that the automatic stay never went into effect as to the Condo because it was not property of Sims' estate. When the Motion for Comfort Order was filed, S-7 had not yet filed for bankruptcy protection and was not a debtor. (Sims Dkt. #34 at 3). The Trustee opposed the Motion for Comfort Order. (Sims Dkt. #50).

Before the Motion for Comfort Order could be heard, S-7 Properties filed its own chapter 7 bankruptcy petition (the "S-7 Properties Case") (Key Dkt. #1). Geno signed the petition as counsel for S-7 Properties.[6]

On April 14, 2026, the Trustee filed the Application seeking permission to employ Craig M. Geno and the Law Offices of Craig M. Geno, PLLC ("Geno") "to file a bankruptcy proceeding for S-7 Properties, LLC, an asset of this bankruptcy estate." (Sims Dkt. #51). Attached to the Application is Geno's Affidavit (the "Affidavit") (Sims Dkt. #51-1).

In the Affidavit, Geno states that to the best of his knowledge, he does not represent any interest adverse to Sims or his bankruptcy estate but may have engaged with creditors, parties in interest, or their attorneys or accountants regarding matters unconnected to the Sims Case with one exception. The Trustee and his CPA firm (Harper, Rains, Knight & Co., P.A.) provide accounting services to him personally and to his law firm. Geno further states that he has no "connection with

---

[6] After the hearings on the Application on April 20, 2026 and the Motion for Comfort Order on April 14 and 28, 2026, the Court issued an order denying the Motion for Comfort Order without prejudice as moot. (Sims Dkt. #85).

[Sims], its creditors, any other party interest or their respective attorneys and accountants, or with the Office of the United States Trustee, or any person employed in the Office of the United States Trustee." (Dkt. #51-1).

In the Application, the Trustee proposes to compensate Geno at the rate of $500 per hour plus reasonable expenses "following application, notice and approval by this Court." (Dkt. #51 at 1). At the Hearing, Geno and the Trustee provided additional details regarding the source of Geno's compensation. They represented to the Court that Geno will be compensated by the S-7 Properties estate, not the Sims estate, and Geno understood that the S-7 Properties estate may not have sufficient money to pay him. (Hr'g at 12:21 (Apr. 20, 2026)). Later, on April 24, 2026, Geno filed in the S-7 Properties Case the Application to Employ Attorneys, and Disclosure of Compensation (S-7 Dkt. #23), which remains pending.

On its face, the Application filed in the Sims Case was proper. Consistent with local practice, the Court entered the Retention Order granting the Application that same day.[7] After Citizens Bank indicated to the Court that it opposed Geno's employment, the Court set the Retention Order and Application for hearing. (Sims Dkt. #55).

At the Hearing and in the Objection, Citizens Bank argued that Geno's employment is not in the best interests of the Sims estate. (Hr'g at 11:57 (Apr. 20, 2026)). Citizens Bank recognized that the Application seeks approval of Geno's employment for the "specified purpose of going after an estate asset" and understood that purpose to be filing a petition for relief for S-7 Properties. (Hr'g at 11:57 (Apr. 20, 2026)). Citizens Bank continued by arguing that S-7 Properties, as a matter of law, is not a part of the Sims estate, and neither is the Condo. (Hr'g at 11:58 (Apr. 20, 2026)).

---

[7] Local practice permits an application filed by a trustee to be considered without a hearing unless the trustee seeks approval of employment *nunc pro tunc*. *See* MISS. BANKR. L.R. 2014-1. The Trustee does not seek *nunc pro tunc* approval of Geno's employment.

However, Citizens Bank recognized that the Trustee owns and has the responsibility of controlling and operating Sims' membership interest in S-7 Properties. (Hr'g at 11:58 (Apr. 20, 2026)).

When asked why it was inappropriate for the Trustee, as the holder of the membership interest, to decide whether S-7 Properties should file bankruptcy, Citizens Bank stated that it does not challenge the Trustee's authority to make that decision. (Hr'g at 11:59-12:00 (Apr. 20, 2026)). Rather, "what [Citizens Bank] takes issue with is that the actual stated purpose for employment of Mr. Geno is to file the bankruptcy case for [S-7 Properties]" to prevent Citizens Bank from "proceeding with foreclosure with respect to" the Condo. (Hr'g at 12:00 (Apr. 20, 2026)). According to Citizens Bank, the Trustee has not shown why his decision to file bankruptcy on behalf of S-7 Properties is in the best interest of the Sims estate. (Hr'g at 12:01 (Apr. 20, 2026)).

When asked why the Trustee seeks to employ Geno in the Sims Case to file the bankruptcy petition for S-7 Properties, the Trustee explained that he had adopted a belt-and-suspenders approach in filing an application in both the Sims and S-7 Properties Case because he believed that a party might argue that Geno should have been hired in the Sims Case before being hired in the S-7 Properties Case and also because he believed that any proceeds from a successful sale of the Condo would "flow up" to the Sims estate by virtue of Sims' 100% membership interest. (Hr'g. at 12:03-12:04, 12:21 (Apr. 20, 2026)).[8] The Trustee agreed with the Court's assertion that filing the Application in the Sims Case may not have been entirely necessary but explained that he sought authorization from the Court to employ Geno out of "an abundance of caution." (Hr'g at 12:03 (Apr. 20, 2026)). The Trustee also stated that Citizens Bank is not a creditor of the S-7 Properties estate based on what his investigation had disclosed so far as of the date of the Hearing. (Hr'g at 12:02-12:03 (Apr. 20, 2026)).

---

[8] Citizens Bank disputes the Trustee's assertion that any proceeds would flow to the Sims bankruptcy estate based on their alleged lien. (Hr'g at 12:05 (Apr. 20, 2026)).

North Point supports Geno's employment by the Trustee. (Sims Dkt. #66). North Point asserts that the Trustee is statutorily obligated to review transfers involving S-7 Properties and describes his decision to hire Geno as reasonable and prudent. (Sims Dkt. #66).

### Discussion

The Fifth Circuit has observed that the standards set forth in § 327 demand strict compliance. *I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.),* 432 F.3d 347, 355 (5th Cir. 2005). The applicant seeking to employ special counsel has the burden of proving that employment is proper. *In re Lyons*, 439 B.R. 401, 405 (Bankr. S.D. Tex. 2010) (citing *In re Silver Lion, Inc.*, No. 09-80414, 2010 WL 2735710 (Bankr. S.D. Tex. July 12, 2010)).

Section 327(e) of the Bankruptcy Code[9] authorizes a trustee to employ special counsel, as follows:

> The trustee, with the court's approval, may employ for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). A trustee is given broad business discretion to select his own professionals except as limited by statute. *In re Contractor Tech., Ltd.*, No. Civ. A. H-05-3212, 2006 WL 1492250, at *5 (S.D. Tex. May 30, 2006).

Citizens Bank does not question that the scope of Geno's employment is for a special purpose "other than to represent the trustee in conducting the case" or that Geno, who has more than 40 years of bankruptcy law experience, is qualified to represent the Trustee. Also, there is no dispute that Geno does not represent or hold an interest adverse to Sims or his bankruptcy estate with

---

[9] Hereinafter, all code sections refer to the Bankruptcy Code found at title 11 of the U.S. Code unless indicated otherwise.

respect to his role as general bankruptcy counsel in the S-7 Properties Case.[10] (Hr'g at 11:59 (Apr. 20, 2026)). Moreover, Citizens Bank agrees that Geno's hourly billing rate is reasonable. Although it opposes payment of Geno's compensation from the Sims estate, Geno and the Trustee clarified at the Hearing that Geno would seek payment of his fees and expenses only from the S-7 Properties estate. (Hr'g at 12:06-07, 12:12, 12:21 (Apr. 20, 2026)). Geno also acknowledged that payment of his compensation would depend on the success of a potential avoidance action to unwind the transaction between S-7 Properties and Citizens Bank. (Hr'g at 12:22 (Apr. 20, 2026)). If Geno ever submits a fee application in the Sims Case, Citizens Bank would have a right to object to the reasonableness of his fees, and so the Court's approval of Geno's employment would not prejudice the Sims estate.

Accordingly, the Court finds that Geno is qualified to perform the limited and specified services as special counsel, does not represent or hold an interest adverse to Sims or the Sims estate, and proposes reasonable compensation that will not be paid by the Sims estate without Court approval. The only issue that remains under § 327(e) is whether Geno's employment is in the best interest of the Sims estate.

"[B]est interest of the estate" is not defined by the Bankruptcy Code. *In re Trevino*, 633 B.R. 485, 504 (S.D. Tex. 2021)). However, § 704(a)(1) expressly delineates that a chapter 7 trustee has a duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." Citing this provision, the United States Supreme Court has held that a chapter 7 trustee has extensive powers and duties to "maximize the value of the estate" for creditors. *In re Lyons*, 439 B.R.

---

[10] Section 327(e) is not as strict in disqualifying attorneys as § 327(a). Under § 327(e), special counsel merely must not represent or hold any interest adverse to the debtor or to the estate with respect to matters on which counsel is to be employed.

401, 405 (Bankr. S.D. Tex. 2010) (citing *Commodity Futures Taking Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985)); *see also Tex. Comptroller of Pub. Accounts v. Liuzza (In re Tex. Pig Stands, Inc.)*, 610 F.3d 937, 942 (5th Cir. 2010). Accordingly, determining whether employment of special counsel is in the best interest of the estate requires a court to consider whether the employment would help the debtor maximize the estate to pay creditors. *Trevino*, 633 B.R. at 504.

Citizens Bank argues that Geno's employment is unnecessary because no cause of action exists to unwind its mortgage on the Condo, but the Trustee cannot reach that conclusion based on Citizens Bank's say-so. The Trustee has statutory duties under §704 that cannot be ignored, including a duty to investigate any potential avoidance action. (Hr'g at 12:28 (Apr. 20, 2026)).

> (a)   The trustee shall—
>
> (1)   collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
>
> \*\*\*
>
> (4)   investigate the financial affairs of the debtor;
>
> (5)   if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper . . . .

11 U.S.C. § 704(a)(1), (4)-(5). The Trustee is required to investigate possible claims for the benefit of the Sims estate and to protect estate assets. In the three prior hearings on April 14, 20, and 28, 2026, the Trustee has made it clear that he intends to investigate Citizens Bank's loan and the validity of its mortgages on the Condo. Allowing the Trustee, who is not an attorney, to retain counsel to file S-7 Properties' bankruptcy petition and secure the Condo is consistent with the Trustee's statutory duties. He believes that the S-7 Properties Case may yield a surplus, which will flow upward to this bankruptcy estate by virtue of Sim's membership interest in S-7 Properties.

The value of Sim's ownership interest in S-7 Properties is protected by the filing of the S-7 Properties Case to prevent immediate foreclosure and allow the Trustee an opportunity to determine if the mortgage against the Condo is valid.

The need for special counsel in the Sims Case is similar to the need that courts have deemed sufficient in the typical § 327(e) appointment where special counsel is employed to handle litigation in another forum that would have the effect, if successful, of increasing or preserving the estate for the benefit of all prepetition creditors. The Trustee has shown that Geno's employment is in the best interests of the Sims estate.

Geno and the Trustee explained they filed the Application in the Sims Case to ensure that there would be no question that Geno was acting on the Trustee's authority to file the S-7 Properties Case. Was it absolutely necessary that the Trustee employ Geno in the Sims case to authorize Geno to file the S-7 Properties Case? That issue has not been squarely raised, but the Trustee has opted to avoid any uncertainty by employing Geno in both cases. The Court cannot find fault with the Trustee's cautious approach and desire to strictly comply with the requirements of § 327.

### Conclusion

Having considered Citizens Bank's arguments, the Court finds that the Trustee met his burden of showing that Geno's employment is in the best interests of the Sims estate. Citizens Bank's Objection lacks merit, and the Court finds that Geno's employment as special counsel was properly approved as of the date the Application was filed. Should Geno ever file a fee application in the Sims Case, the Court reserves the compensation issue for consideration under the benefit-to-the estate requirement of § 330.

IT IS, THEREFORE, ORDERED that the Objection is overruled.

IT IS FURTHER ORDERED that the Retention Order (Sims Dkt. #52) entered on April 14, 2026 approving the Application to employ Geno as special counsel for the Trustee in the Sims Case remains in effect.

##END OF ORDER##