B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Landri Tarbutton McIntosh and James Kenneth Tarbutton | Robert Wayne Sims |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Graham Carner; CARNER & ROSEMON, 401 East Capitol St., Suite 218, Jackson, MS 39201; Blake Tyler GADOW\|TYLER 511 East Pearl Street, Jackson, MS 39201. (601)355-0654 | Thomas C. Rollins, Jr. The Rollins Law Firm, PLLC, PO Box 13767, Jackson, Mississippi 39236 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor (s) ☐ Other ☐ Trustee | ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The Plaintiffs seek a declaratory judgment that their unliquidated, unsecured claims are not subject to be discharged due to the Defendant's willful, intentional and malicious actions that caused the Plaintiffs' damages. Specifically, the Defendant caused the Plaintiffs' damages through the Intentional Torts of Assault and Battery.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(c) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**

☑ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et. seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ TBD and liquidated by the Court |

Other Relief Sought  The Plaintiffs request and consent to the Court liquidating the damages at issue here.  In addition, the Plaintiffs seek compensatory damages, punitive damages, court costs and attorney fees.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Robert Wayne Sims | BANKRUPTCY CASE NO.<br>26-00138-JAW | | |
| DISTRICT IN WHICH CASE IS PENDING<br>S.D. Of Mississippi | DIVISION OFFICE<br>Jackson | | NAME OF JUDGE<br>Wilson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Blake Tyler*

| DATE<br>May 05, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Graham Carner & Blake Tyler for Landri McIntosh and James Tarbutton |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case

Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Robert Wayne Sims**                         Case No.:.26-00138-JAW
                                                                        **Chapter 7**

---

**Landri Tarbutton McIntosh and James**
**Kenneth Tarbutton**                                              **Plaintiffs**

                              **Adversary Proceeding No.:_____**

**Robert Wayne Sims**                                              **Defendant**

---

**COMPLAINT FOR DETERMINATION OF**
**DISCHARGEABILITY OF DEBT AND OTHER RELIEF**

**COME NOW,** Landri Tarbutton McIntosh ("Landri") and James Kenneth Tarbutton

("Ken") (sometimes collectively referenced as "Plaintiffs"), by and through their attorneys of

record, and file this Complaint For Determination of Dischargeability of Debt and Other Relief

(the "Complaint") against the Defendant, Robert Sims ("Sims" or "Defendant"), pursuant to 11

U.S.C. Section 523(a)(6) stemming from Sims intentional, willful and malicious acts that caused

bodily injuries and emotional distress to the Plaintiffs.  Plaintiffs are unsecured creditors of Sims

with unliquidated claims.  In support of their Complaint, Landri and Ken  show unto this

Honorable Court the following facts and matters, to-wit:

**JURISDICTION**

 1.    This Court has jurisdiction of this matter pursuant to 28 U.S.C.§§ 157 and 1334, and 11

U.S.C.§§ 105 and 1328.  This is a core proceeding pursuant to 28 U.S.C.§ 157 (b) (2) (A) and

(I), 28 U.S.C. §§ 1334 and 11 U.S.C. § 523(a)(6).

2.    This Court set May 5, 2026 as the deadline to file a complaint to determine

dischargeability of debt under 11 U.S.C. § 523. This Complaint is timely filed.

**PARTIES**

3.     Landri is an adult resident citizen of Madison County, Mississippi. Ken is an adult resident citizen of Madison County, Mississippi and is Landri's father. Landri and Ken consent to the jurisdiction of the bankruptcy court and the entry of final orders and judgments and the liquidation of the Plaintiffs' unsecured claim.

4.     Sims is an adult resident citizen of Madison County, Mississippi.  Sims' address is 203 Winter Teal Court, Madison County, Madison, Mississippi 39110. Sims is represented by Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC, PO Box 13767, Jackson, Mississippi 39236, in Sims' lead bankruptcy case, captioned above. Sims will be served by the CM/ECF system which will electronically send a copy of the Summons and Complaint to Mr. Rollins. Sims may also be served by the mailing of a copy of the Summons and this Complaint to his residential address by United States Mail.

5.     Landri and Ken filed a civil claim for the intentional torts of assault and battery against Sims on May 6, 2025, in the Circuit Court of Madison County, Mississippi, styled *Landri Tarbutton McIntosh and James Kenneth Tarbutton v. Robert Sims*, which was assigned with civil action number CI-2025-0137-JR (the "Civil Action").  Subsequently, Sims filed a Voluntary Petition For Relief ("Petition") under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Code") on January 21, 2026 in the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Case"), captioned above. The filing of Sims' Petition stayed the Civil Action.   Stephen Smith was appointed as the Chapter 7 Trustee of the Bankruptcy Case.  Mr. Smith will be served by the CM/ECF system which will electronically send a copy of the Summons and Complaint to Mr. Smith.

**FACTS**

6.      On and before September 27, 2024, Landri was in a dating/romantic relationship with Sims that began in early 2024.

7.      Ken is Landri's father.

8.      On September 27, 2024, Landri and Sims ate dinner at Amerigo restaurant in Ridgeland, Mississippi.

9.      After dinner, Landri and Sims went to Shucker's Oyster Bar in Ridgeland, Mississippi, where they met with Ken and Ken's girlfriend to listen to a band.

10.      While at Amerigo and Shucker's, Sims consumed multiple alcoholic beverages.

11.      While at Shucker's, Sims became upset about the presence of a gentleman that Landri had previously dated. Upon information and belief, Sims not only knew this gentleman and failed to speak to or acknowledge him, Sims was also upset that Landri did not introduce Sims as her boyfriend to the man with whom Sims was already acquainted. As a result, Sims departed Shucker's and went to his house at 203 Winter Teal Court in Ridgeland, Madison County, Mississippi (Sims' "home").

12.       Landri also went to Sims' home.

13.      A discussion ensued between Landri and Sims regarding why Sims was upset.

14.      The discussion between Landri and Sims turned physical when Sims punched Landri in the mouth and dragged her by her hair across the floor of Sims home.

15.      Landri called her father, Ken, explaining what had occurred and asking for him to come pick her up at Sims' home.

16.      When Ken arrived at Sims' home, Ken and Sims had a verbal exchange regarding Sims' assault of Landri. That verbal exchange turned physical when Sims kicked and punched Ken

repeatedly in the face and head. Ken lost consciousness and hit the ground, after which Sims continued to punch, hit, kick, and stomp on Ken, including on his head.

17.    Realizing that her father was being brutally beaten by Sims, including watching Sims kick, punch and stomp on her father's head, Landri came to the aid of Ken during this attack, in an attempt to stop Sims' from beating her father. As Landri ran toward Sims while Sims was on top  of her father landing punches to his face and head, Sims struck Landri again, causing additional injuries to Landri and more time to beat Ken.

18.    After the attack ended, Sims went into his residence.  Ken and Landri contacted law enforcement and sought medical treatment.

19.    Sims was charged in the Justice Court of Madison County, Mississippi with Simple Assault/Domestic Violence and Simple Assault Causing Bodily Injury for his attack on Landri. Sims entered a plea of guilty and the Court withheld adjudication subject to compliance with certain conditions, including restitution. A copy of the Abstract of this charge is attached hereto as Exhibit 1 and incorporated herein by reference.  The criminal case against Sims involving Landri remains pending because restitution has not been paid to date.

20.    Sims was charged in the Justice Court of Madison County, Mississippi with Simple Assault Causing Bodily Injury for his attack on Ken. Sims entered a plea of guilty and the Court withheld adjudication subject to compliance with certain conditions, including restitution. A copy of the Abstract of this charge is attached hereto as Exhibit 2 and incorporated herein by reference.  Similarly, the criminal case against Sims involving Ken remains pending because restitution has not been paid to date.

21.    As a result of Sims' intentional, willful and malicious actions, Landri suffered physical injuries, including, but not limited to, a laceration to her head that required staples as well as

contusions and bruising to her upper and lower extremities and  body as a whole. Landri has also suffered mental and emotional harm as a result of Sims' actions.

22.    As a result of Sims' actions, Ken suffered physical injuries, including, but not limited to, head injuries, loss of consciousness, a broken nose, broken teeth, lacerations and contusions to his face and head, and lacerations and contusions to his upper and lower extremities and body as a whole. Ken has also suffered long-term and possibly permanent physical injuries. Ken has also suffered mental and emotional harm as a result of Sims' conduct.

23.    As a result of Sims's intentional, willful and malicious conduct, Plaintiffs suffered injuries and damages as described in this Complaint and will be proven at the trial of this matter. The pictures taken directly following this event, which are not attached to this Complaint for privacy reasons (but will be provided to the Court for *in camera* review), show Landri and Ken (especially Ken) with bloody faces and hair, broken teeth, lacerations on their faces, extremities and bodies.  Ken's photos are horrific and show a man who was repeatedly kicked and booted in the head while unconsciouss–blood covering his entire face with cracked and/or loosened teeth and cuts to his mouth and ears. Sims turned himself into custody in Madison County and was arrested and charged on September 30, 2024.  Tellingly, Sims' arrest and booking photograph, which is not attached to this Complaint for privacy reasons (but will also be provided to the Court for *in camera* review), following the incident shows a man with no cuts, bruises, or lacerations whatsoever to his face or head.  In fact, Sims looks untouched–his teeth are intact, his hair is not matted by sweat and blood and his face is clean and free of blood.

24.    Accordingly, any debt liquidated by this Court, owed by Sims to Landri and Ken, plus post judgment interests, court costs and attorney fees should be excepted from discharge under 11 U.S.C. Section 523(a)(6) for Sims' willful, intentional and malicious acts that caused injuries

and damages to Landri and Ken.

25.     Sims pled guilty to the criminal charges filed against him.  Mississippi law is clear that when a guilty plea is entered and non-adjudication follows (based on the Court's discretion), it is established that Sims did not plead guilty inadvertently and that the Court accepted his guilty plea; therefore, Sims is estopped from denying liability in this action. *Clark v. Neese*, 131 So. 3d 556, 560 (Miss. 2013).  Civil liability for the intentional torts that are the subject of this action and Complaint were established when Sims entered guilty pleas for the crimes he committed against Ken and Landri.  Said differently, Sims admissions – both from his guilty plea and non-adjudication and in his answer to the complaint he filed in the Civil Action – foreclose any argument to the contrary and unequivocally establishes his fault in tort.

26.     In the context of intentional torts, "[a]n assault occurs where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension." *Morgan v. Greenwaldt*, 786 So. 2d 1037, 1043 (Miss. 2001) (citing *Webb v. Jackson*, 583 So. 2d 946, 951 (Miss. 1991)). A battery goes one step beyond an assault in that a harmful contact actually occurs. *Id*. Both criminal and civil assault require an act that causes or attempts to cause an injury, as well as a fear of an imminent bodily injury. Thus, a criminal conviction of simple assault automatically makes that person liable for the intentional tort of assault. Indeed, "a conviction in a prior criminal case is conclusive, in a subsequent civil action, of the facts upon which the conviction was based." *Bolton v. Lee*, 405 So. 3d 1, 14 (Miss. Ct. App. 2023) (quoting *J.R. ex rel. R.R. v. Malley*, 62 So. 3d 902, 905 (Miss. 2011)).

27.     To be clear, this case deals with a non-adjudicative guilty plea, and the precise issue is whether the guilty plea that necessarily commences a non-adjudication establishes liability. "[I]n

cases of non-adjudication, a plea of guilty is entered before a judge who chooses to 'withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court[.]'" *Miss. Bar v. Cofer*, 904 So. 2d 97, 99 (Miss. 2004) (quoting Miss. Code Ann. § 99-15-26)). This plea is one that is "sworn" and is different from admitted conduct under the Pretrial Intervention Act. *Id.*; *See also* Miss. Code Ann. § 99-15-117 (providing that "a specific agreement shall be made between the district attorney and the offender" but does not require a guilty plea.). Here, Sims entered a sworn guilty plea in accordance with Miss. Code Ann. § 99-15-26, admitting to the charges brought against him. Importantly, the Court accepted his admission and ordered Sims to comply with certain conditions related to the court withholding adjudication (*e.g.*– to complete Courtwatch, maintain no contact with Ken and Landri for two years and pay an unspecified amount of restitution. *See* Exhibits 1 and 2.

WHEREFORE, Landri and Ken pray that the Court will find and enter an order:

A.      Determining the amount and liquidation of the unsecured claims of Landri and Ken and enter a declaratory judgment that Sims' debt owed to Landri and Ken, in an amount to be determined and liquidated by the Court, based upon the evidence presented at trial, plus post judgment interest, court costs and attorney fees are excepted from discharge under 11 U.S.C. Section 523; and,

B.      Awarding Landri and Ken such other relief as the Court finds reasonably necessary under the facts and  circumstances of this case to deter individuals like Sims from socially unacceptable behavior by  engaging in intentional, willful and malicious acts of violence that result in physical and emotional injures suffered by victims such an Landri and Ken.

C.      Granting any other relief the Court deems necessary based upon the facts and

circumstances of this matter and for any other relief that Ken and Landri may be entitled in the premises.

**RESPECTFULLY SUBMITTED AND DATED:** May <u>05</u>, 2026.

                                    **Landri Tarbutton McIntosh and**
                                    **James Kenneth Tarbutton**

By:     *Blake Tyler*
                                    _____
                                    Blake A. Tyler, Esq. (MSB#101786)
                                    **GADOW | TYLER, PLLC**
                                    511 East Pearl Street
                                    Jackson, Mississippi 39201
                                    Phone: (601) 355-0654
                                    eFax:   (601) 510-9667
                                    blake@gadowtyler.com
                                    www.gadowtyler.com
                                    *Attorney and Bankruptcy Counsel for*
                                    *Landri McIntosh and Ken Tarbutton*

                                    *Graham Carner*
                                    _____
                                    Graham P. Carner, Esq. (MSB#101523)
                                    TreMarcus D. Rosemon, Esq. (MSB #105724)
                                    CARNER & ROSEMON, PLLC
                                    401 East Capitol Street, Suite 218 (39201)
                                    Jackson, Mississippi 39296
                                    Tel: (601) 427-8999
                                    Fax: (769) 233-8941
                                    graham@carnerrosemon.com
                                    tremarcus@carnerrosemon.com
                                    *Lead Counsel for Landri Tarbutton McIntosh and*
                                    *James Kenneth Tarbutton*

**CERTIFICATE OF SERVICE**

I certify that copies of the foregoing documents were served upon the following attorneys of record and/or parties in interest via the Court's CM/ECF system:

Stephen Smith, Chapter 7 Trustee       via CM/ECF

United States Trustee       USTPRegion05.JA.ECF@usdoj.gov

Hon. T.C. Rollins       via CM/ECF

**Dated**: May  05 , 2026 in Jackson, Mississippi.

_Blake Tyler_
_____
Blake A. Tyler, Esq. (MSB#101786)