# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**In Re:**

ROBERT WAYNE SIMS,                          **Case No.:**   **26-00138-JAW**

    DEBTOR.                              **Chapter:**   **7**

---

**CITIZENS BANK OF PHILADELPHIA**                          **PLAINTIFF**

**VS.**                    **ADVERSARY PROCEEDING NO. _____**

**ROBERT WAYNE SIMS**                                      **DEFENDANT**

---

### COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523
---

Plaintiff Citizens Bank of Philadelphia ("Citizens Bank" or "Plaintiff") files this complaint to establish and determine the nondischargeability of the debt owed to Plaintiff by Robert Wayne Sims ("Sims" or "Debtor"), under 11 U.S.C. § 523(a) and all applicable rules.  In support, Plaintiff shows the Court the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 523, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This Adversary Proceeding constitutes a core proceeding as that term is defined under 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### Parties

4. Plaintiff Citizens Bank is a Mississippi corporation doing business in the State of Mississippi. Citizens Bank's headquarters and principal place of business is in Philadelphia, Mississippi.

5. Sims is an individual and debtor in the above-styled bankruptcy case. Sims' address is 203 Winter Teal Court, Madison, Mississippi 39110.

### Factual Background

6. On or about March 15, 2024, Sims sought out and obtained from Citizens Bank on behalf of his company Key Therapeutics, LLC[1] ("Key Therapeutics"), a commercial loan in the original principal amount of $2,531,824.25 (the "Loan"), which Loan is evidenced by, among other documents, a Business Loan Agreement, Commercial Security Agreement, Commercial Guaranty by Sims, and Promissory Note dated and effective March 15, 2024 (collectively, the "Loan Documents – March 2024"). True and correct copies of the Loan Documents – March 2024 are attached as collective Exhibit A and incorporated fully by reference.

7. As security for the timely repayment and satisfaction of all amounts owed and to become owed to Citizens by the Debtor under the terms and conditions of the Loan and Loan Documents – March 2024, the Debtor granted first-priority liens upon and security interests in all assets and interests of Key Therapeutics including but not limited to all intellectual property, accounts, accounts receivable, inventory, and general intangibles now owned or acquired later and all related

---

[1] Key Therapeutics is a debtor in a pending Chapter 7 case before this Court as Case No. 26-00106-JAW.

- 2 -

proceeds and otherwise as further described in the duly recorded and properly perfected Security Agreements and UCC-1's and continuations as to the same (collectively, the "Security Instruments").

8. To obtain this loan, Sims provided several affirmations and declarations concerning his financial condition and the financial condition of his company, Key Therapeutics. Included among these statements was that there were no litigation or claims against Key Therapeutics.

9. On information and belief, Sims intentionally failed to disclose to Citizens Bank active litigation that Sims had personal knowledge of in order to obtain the Loan from Citizens Bank.

10. Additionally, to obtain the Loan from Citizens Bank, Sims represented to Citizens Bank that Key Therapeutics' income was materially and significantly more than it actually was, presenting misrepresentative, misleading, false and/or fraudulent financial statements that inflated assets and failed to include all liabilities, on information and belief.

11. On or around June 6, 2025, Sims and Key Therapeutics again applied for and signed for benefit of Citizens, loan documents to extend the Loan made to Key Therapeutics and guaranteed by Sims in 2024, as evidenced by, among other documents, a Business Loan Agreement, Commercial Security Agreement, Commercial Guaranty by Sims, and Promissory Note entered into and executed by the Debtor and Citizens (collectively, the "Loan Documents – June 2025" and, together with the Loan Documents – March 2024, the "Loan Documents"). True and

- 3 -

correct copies of the Loan Documents – June 2025 are attached as collective Exhibit B and incorporated fully by reference.

12.     The documents included the same language and the same disclosures made by Sims on behalf of Key Therapeutics, including the misrepresentative, false and fraudulent statements concerning assets and liabilities, inventory, and absence of active or known litigation against Key Therapeutics or Sims at the time of the June 2025 loan, which misrepresentations, on information and belief, were made to Citizens by Sims for the purpose of securing Citizens' extension of credit to and for the benefit of Key Therapeutics and Sims..

13.     Citizens timely and properly filed its Proof of Claim in the Key Therapeutics Bankruptcy Case evidencing its secured claim and properly and duly perfected first-priority security interests in and liens upon all assets and interests of Key Therapeutics including those described above and further in the Security Instruments (collectively, the "Collateral"), which Proof of Claim (Key Therapeutics Claim Register No. 2) and all exhibits and supporting documents filed therewith (herein, "Citizens' Key Therapeutics POC") is hereby incorporated by reference fully herein for all purposes.

14.     Citizens timely and properly filed its Proof of Claim in this Bankruptcy Case evidencing its claim and supporting documents, which Proof of Claim (Sims Claim Register No. 1) and all exhibits and supporting documents is hereby incorporated by reference fully herein for all purposes (herein, "Citizens' Sims POC").

- 4 -

PD.61750561.1

15.     Periodically and regularly during their business relationship, Sims and Key Therapeutics were required to provide up-to-date inventory lists and financial statements.  Lists and attested financial statements provided to Citizens to induce Citizens to extend and maintain the credit and Loan guaranteed by Sims include but are not necessarily limited to statements for April 2025 through January 2026.  True and correct copies of these Inventory Lists and Financial Statements are attached hereto and incorporated fully herein for all purposes as collective Exhibit C.

16.     Sims also certified inventory as of January 5, 2026, representing to Citizens that inventory at that time had a value of $806,186.00. A true and correct copy of this Borrowing Base Certificate dated January 5, 2026, is attached hereto as Exhibit D and incorporated fully herein by reference.

17.     These lists and statements, title "Borrowing Base Certificates," were signed by Sims and certified as true and accurate.

18.     Key Therapeutics and Sims defaulted under the terms and conditions of the Loan Documents by, among other things, failing to timely make all required payments when due, and the Debtors thereafter failed to cure the defaults.

19.     Sims thereafter initiated his bankruptcy case by filing of his Chapter 7 voluntary petition in this Court (Dkt. #1), as did Key Therapeutics separately.

20.     Sims, as owner of Key Therapeutics, reported inventory on or around the petition date of $136,765.78 (*see* Dkt. # 11), and this inventory was stated as of the "[d]ate of the last physical inventory," which was stated to be January 6, 2026. (Dkt. # 11, at p.6).

PD.61750561.1

21.     The inventory reported to Citizens Bank as of January 5, 2026, **_one day_** **_earlier_**, was stated to have a value of $806,186.00.  See Exhibit D, Borrowing Base Certificate dated Jan. 5, 2026.  Inventory as of January 6, 2026.

22.     Sims statements to Citizens Bank were knowingly given in order to obtain and continue to maintain funds and credit from Citizens Bank, on information and belief.

23.     Citizens Bank relied on these statements and representations to extend the credit and Loan to Key Therapeutics guaranteed personally by Sims and secured by Citizens' Collateral which included, *inter* alia, the pharmaceutical inventory.

24.     Sims intended to cause financial and other harm to Citizens Bank by fraudulently and misrepresenting and/or erroneously inflating the value of Key Therapeutics' inventory, on information and belief.

25.     Sims, as the sole owner, member, and manager of Key Therapeutics, is an insider of Key Therapeutics.

26.     Sims owes Citizens at least $1,908,021.58 under the terms and conditions of the Loan and Guaranty as of the petition date plus attorneys' fees, costs and expenses and expenses incurred by Citizens through and including the petition date as provided by the terms of the Loan Documents and Security Instruments (the "Indebtedness"). Interest continues to accrue daily on the outstanding balance at the note rate of 8.55%, and Citizens is continuing to incur attorneys' fees, costs and expenses, and other fees and expenses in connection with enforcing and seeking to reduce the Indebtedness past due and owed in full to Citizens by Key Therapeutics

PD.61750561.1

and Sims under the Loan and terms and conditions of the Loan Documents and Security Instruments, including but not limited to in connection with this bankruptcy case and the bankruptcy cases of Key Therapeutics and S-7 Properties, LLC.

### Count I: 11 U.S.C. § 523(a)(2)(A)

27.    Citizens Bank adopts and incorporates by reference the preceding allegations as if fully set forth herein.

28.    Sims made various representations to Citizens Bank that he knew were false at the time they were made, including representations concerning the value of the Collateral pledged as security for repayment of the Loan and the absence of litigation, which were falsely and materially stated, on information and belief.

29.    Sims willfully and maliciously intended to cause Citizens Bank financial injury, on information and belief.

30.    Citizens Bank justifiably relied on the representations made to induce it to extend the Loan and maintain the extension of credit to Key Therapeutics and to Sims.

31.    As a result of Sims's false representations and fraudulent conduct, Citizens Bank has sustained losses in amounts of not less than its claim amount. **

32.    As a result of the foregoing, the debt owed by Sims to Citizens Bank is not dischargeable under 11 U.S.C. § 523(a)(2)(A) because it is for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by: . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

PD.61750561.1

## Count II: Section 523(a)(2)(B)

33.     Citizens Bank adopts and incorporates by reference the preceding allegations as if fully set forth herein.

34.     Sims made repeated representations to Citizens Bank that he knew were materially false at the time they were made, including but not limited to material misrepresentations concerning the value of the inventory collateral pledged as security to Citizens for repayment of the indebtedness, and the financial condition of Key Therapeutics.

35.     Citizens reasonably relied upon the false financial reports and materially false inventory reports to extend and maintain the credit represented by the Loan and Loan Documents and Sims' Guaranty.

36.     By provision of the false financial reports and materially false inventory valuations provided by Sims to Citizens. Sims induced Citizens to extend and maintain the credit represented by the Loan and guaranteed by Sims, which statements were made or published by Sims with the intent to deceive.

37.     These representations were made in writing through submission of inventory lists, financial statements, and other valuations to Citizens Bank, each of which was made and/or published by Sims with the intent to deceive Citizens.

38.     Citizens Bank reasonably and justifiably relied on the written statements made to induce it to extend the credit and maintain the credit represented by the Loan and owed by Sims under the Guaranty in both 2024 and 2025.

PD.61750561.1

39.     As a result of the materially false representations concerning the Key Therapeutics' financial condition, and Citizens regarding reliance on same, fraudulent conduct, Citizens Bank sustained losses in amounts of not less than its claim amount.

40.     As a result of the foregoing, the debt owed by Sims to Citizens Bank is not dischargeable under 11 U.S.C. § 523(a)(2)(B) because it is for:

money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by: . . . use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B).

### Count III: 11 U.S.C. § 523(a)(6)

41.     Citizens Bank adopts and incorporates by reference the preceding allegations as if fully set forth herein.

42.     Sims actions were willful and malicious and caused financial injury to Citizens Bank. Citizens would not have extended the credit, Loan proceeds, or have extended the Loan, but for its reliance upon the material, willful, and malicious misrepresentation by Sims to Citizens which were reasonably relied on by Citizens, and which Citizens has and will suffer financial injury of at least the amount of Citizens claim plus interest, fees and expenses.

- 9 -

43.     In addition, or in the alternative, to the afore alleged counts, Citizens Bank avers that its claim should be declared nondischargeable pursuant to Section 523(a)(6) in that it is "for willful and malicious injury by the debtors to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

For these reasons, Citizens Bank respectfully requests entry of judgment in its favor declaring the debt owed by Sims to Citizens Bank nondischargeable pursuant to §§ 523(a)(2)(A), (a)(2)(B), and (a)(6), and for all related and other relief to which Citizens may be entitled.  Citizens further prays for general relief.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: */s/Sarah Beth Wilson*
Sarah Beth Wilson (MSB 103650)
Andrew R. Norwood (MSB 105087)
PHELPS DUNBAR, LLP
1905 Community Bank Way, Suite 200
Flowood, MS 39232
Telephone: (601) 360-2300
Facsimile: (601) 360-9777
sarah.beth.wilson@phelps.com
drew.norwood@phelps.com

*Attorneys for The Citizens Bank of Philadelphia*

- 10 -
PD.61750561.1